## Newton, Trustee, Appellant, *v.* Philadelphia.

## Walker Electric Co., Appellant, *v.* Philadelphia.

*Municipalities—Eminent domain—Appropriation of land—Damages—Evidence—Weight to be given opinion of witness.*

1. In a proceeding for the condemnation of land by a municipality, while the jury may disregard entirely the opinion of one or more witnesses as to damages if they deem such estimates are unreasonable, or the credibility of the witnesses are impaired, yet, in forming their judgment, it is their duty to consider all the evidence, and give each part the weight to which it is entitled.

2. In such case, it is reversible error for the court to charge that the thing to do is to ascertain which witness is nearest to the true value of the property, and accept his figures.

Argued Jan. 8, 1923. Appeals, Nos. 133 and 134, by plaintiffs, from judgments of C. P. No. 3, Phila. Co., Sept. T., 1921, Nos. 8448-9, on verdicts for plaintiffs, in cases of In the Matter of the Appropriation of Ground in the Fifteenth Ward for Park Purposes, A. Edward Newton, Trustee, v. Philadelphia and Walker Electric Co. v. Philadelphia. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Appeals from reports of board of view. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

1923.]　Assignment of Error—Opinion of the Court.

Judgments on verdicts for plaintiffs for $63,000 and $78,000 respectively. Plaintiffs appealed.

*Error assigned*, inter alia, was (2) portion of charge referred to in the opinion of the Supreme Court, quoting it.

*F. B. Bracken,* for appellants, cited: Pittsburgh, Virginia & Charleston R. R. v. Vance, 115 Pa. 325; Hewitt v. R. R., 19 Pa. Superior Ct. 305; Pittsburgh R. R. v. Patterson, 107 Pa. 461; Harris v. R. R., 141 Pa. 242; Friday v. R. R., 204 Pa. 405; Baker v. R. R., 219 Pa. 398; Rafferty v. Pittsburgh, 256 Pa. 82.

*Haines D. Albright,* Assistant City Solicitor, with him *Glenn C. Mead,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellee, cited: Savings & Trust Co. v. R. R., 229 Pa. 484; Tiffany v. R. R., 262 Pa. 300.

OPINION BY MR. JUSTICE FRAZER, February 19, 1923:

These are claims by the Walker Electric Company and its trustee against the City of Philadelphia for damages sustained by the condemnation of plaintiffs' properties in connection with the opening of the Parkway in defendant city. The cases were tried together and the question involved relates to the charge of the court as to the proper method of ascertaining the measure of damages. The valuation of the properties fixed by witnesses varied from $110,275 to $184,492. The jury awarded damages in both cases aggregating the sum of $141,000 and plaintiffs appealed from the judgments entered on the verdicts.

In the course of the charge the trial judge said to the jury: "It is not just that you should say one party may be too high and the other party may be too low, and the sensible thing to do would be to add them together and divide by two and split the difference and find out what

figure would be halfway between them. I say that is not the sensible way of going about it. The thing to do is to ascertain which witness is nearest the truth, which witness is nearest to the values of these properties, and accept his figures, because it is not a matter of arriving at a verdict by means of a meat ax and chopping it off, but it must be the result of careful consideration of figures."

The trial judge doubtless intended merely to illustrate the thought that the jury should consider the testimony of all the witnesses and thus reach their own conclusion as to the fair market value of the land and not merely take a mathematical average of the various estimates given; the language used, however, was unfortunate as it required the jury to accept the figures of the witness who, in their opinion, happened to be nearest the true measure of damage and disregard the other testimony. The jury were bound to consider all the testimony and should not be instructed to base their verdict on the testimony of a single witness. We have no means of knowing whether the jury followed the instruction literally, or whether they understood it in the sense in which the trial judge intended they should understand it. While it is true the jury might have disregarded entirely the opinion of any one or more of the witnesses, if, in their view, the estimates given by such witnesses were unreasonable or their credibility impaired, yet, in forming their judgment, it was their duty to consider all the evidence and give each part the weight to which it was entitled. For the reasons stated, the second assignment of error is sustained.

The judgment is reversed and a new trial ordered.